J-S30033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHYKIR CREW | : | |
| | : | |
| Appellant | : | No. 299 EDA 2024 |

Appeal from the PCRA Order Entered January 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002711-2012

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 12, 2025**

Appellant, Shykir Crew, appeals from the order, entered by the Court of Common Pleas of Philadelphia County, denying his serial petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. ("PCRA"), collaterally challenging his 2014 jury convictions of robbery, aggravated assault, carrying a firearm on public streets or public property in Philadelphia, possession of a firearm by a minor, and possessing an instrument of crime.[1] The PCRA court dismissed the petition for lack of jurisdiction under the PCRA's time bar. ***See*** 42 Pa.C.S. § 9545. We affirm the PCRA court because Appellant did not plead and prove that a statutory exception applied to permit substantive review of his facially untimely PCRA petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701, 2702, 6108, 6110, and 907, respectively.

In Appellant's 2015 direct appeal, we briefly summarized the factual basis for Appellant's convictions, as follows:

> During the evening of June 23, 2011, [Appellant] approached the victim, Eric Johnson ("Johnson"), who had just parked his vehicle on the 5300 block of Girard Avenue in Philadelphia. From a distance of about two and one-half feet, [Appellant] pointed a gun at Johnson's head and stated, "Give it up, old head." Johnson recognized [Appellant] as the son of his neighbor, Sakina Crew ("Ms. Crew"). Johnson tried to wrestle the gun from [Appellant]. Upon regaining control of the firearm, [Appellant] shot Johnson and then fled.
>
> At the hospital, Johnson identified the perpetrator as the teenage son of Ms. Crew. Johnson described his assailant as a 5'4" black male of about 130 pounds. Johnson told police that [Appellant] lives at 5312 Poplar Street in Philadelphia. Later that day, Johnson positively identified [Appellant] from photographs provided by police officers. Ultimately, [Appellant] was arrested.

*Commonwealth. v. Crew*, 2015 WL 7433423, at *1 (Pa. Super., filed Mar. 9, 2015) (unpublished memorandum decision) (1979 EDA 2014).

> Of note to the instant appeal, the trial court explained that:
>
> On several occasions Mr. Johnson identified the defendant, and only the defendant, as the man who shot him. …
>
> [Appellant] introduced an alibi defense of being at a DHS facility, Devereux in Chester County, the night of the shooting. However, testimony revealed that Devereux is not a secure facility, the staff does not sufficiently supervise the residents over night, and [Appellant] had a history of going AWOL from the facility. Testimony further revealed that doors at Devereux are locked only from the outside, [Appellant's] room is located on the ground floor, and there are no alarms on the windows. Byron Lee, a manager of operations and staff at Devereux, testified that there is nothing stopping a juvenile from going out a window and down to one of the roads to be picked up by a motor vehicle. Mr. Lee also testified that in May of 2013, [Appellant] was caught going AWOL from his room, presumably through his window undetected,

- 2 -

and later that night he was caught climbing back through the same window. N.T. 2/10/14 pg. 167–210; N.T. 2/11/14 pg. 6–23.

***Crew***, 2015 WL 7433423, at *3-*4 (from the attached trial court opinion upon which this Court relied to affirm the judgment of sentence).

The trial court subsequently imposed an aggregate imprisonment term of 16 years and 10 months to 47 years. We affirmed the judgment of sentence in Appellant's direct appeal based on the trial court's opinion. ***See Crew***, 2015 WL 7433423, at *2. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on July 29, 2015. ***See Commonwealth v. Crew***, 119 A.3d 349 (Pa. 2015) (table) (140 EAL 2015). Appellant sought no further review.

On September 25, 2015, Appellant filed his first PCRA petition, which was subsequently amended by counsel on April 6, 2017. On September 27, 2017, Appellant through counsel filed a supplemental amended PCRA petition in which he alleged that Mr. Johnson's civil lawsuit against Devereux unearthed new evidence, including Mr. Johnson's hospital records and statements, and Devereux overnight logs, and that trial counsel was ineffective for failing to investigate the evidence. ***See*** Appellant's Supplemental Amended PCRA Petition, 9/27/2017, ¶¶ 5-8. Appellant argued that he was entitled to a new trial due to after-discovered evidence. ***See id.*** The PCRA court issued a notice of its intent to dismiss on the basis that the claims in the petition were meritless on August 22, 2018, and formally dismissed the petition on November 6, 2018. ***See*** Rule 907 Notice,

- 3 -

8/22/2018; PCRA Court Order, 11/6/2018. Appellant did not file a notice of appeal.

On March 31, 2022, defendant untimely filed a second PCRA petition. The PCRA court dismissed that petition on July 20, 2022. Appellant did not file a notice of appeal.

On August 2, 2023, Appellant filed the instant PCRA petition, his third. In the petition, he alleged, as he had in his 2017 supplemental amended petition, that Mr. Johnson's civil lawsuit against Devereux unearthed new evidence including Mr. Johnson's hospital records and statements, and Devereux overnight logs.

> This motion is based on the fact that attorneys for the Devereux Foundation have recently come forward and provided [Appellant] with information about the case that they discovered during their ongoing civil litigation related to this criminal case. Specifically, it has been learned that (1) the Commonwealth withheld medical records that demonstrate that … the victim in this case, was extremely intoxicated at the time of the shooting; (2) the Commonwealth withheld the first statement that [Mr.] Johnson made; and (3) there are [relevant Devereux documents] that were not provided to the police when they raided Devereux in July 2011.

Appellant's PCRA Petition, 8/2/2023, 13. In addition, Appellant stated that the "existence of this evidence was first made known to [him] by … attorneys from the Tucker Law Group, when they were representing Devereux in the civil case[, after they had] deposed [Appellant] in 2016 or 2017, [and said they] would send [Appellant] copies of their file once their civil case was finished." *Id.* Appellant further alleged that he did not obtain the files until "April of

2023." *Id.*, 13-14. Appellant requested the appointment of counsel. *See* Appellant's Motion for Appointment of Post-Conviction Counsel, 10/16/23. The PCRA court denied the request on November 11, 2023. *See* PCRA Court Order, 11/1/23.

The PCRA court informed Appellant in its notice of intent to dismiss the petition, that he had not demonstrated due diligence with respect to the medical records, which were available at the time of trial, and had not established that the Commonwealth suppressed the proffered evidence "either willfully or inadvertently." Rule 907 Notice, 10/30/23, 1-2. Appellant filed a response repeating the allegations in his petition as to how he had come into possession of the alleged new evidence, requesting a hearing, and again requesting counsel be appointed to represent him. *See* Appellant's Response, 11/21/23, 1-3. On January 3, 2024, the PCRA court dismissed defendant's petition. *See* PCRA Court Order, 1/3/24.

Appellant filed a timely notice of appeal. *See* Appellant's Notice of Appeal, 1/10/24. He also complied with the PCRA court's order that he file "a concise Statement of Errors Complained of on Appeal." *See* Pa.R.A.P.1925(b); PCRA Court Order, 1/29/24; Appellant's Rule 1925(b) Statement, 2/14/24.

On appeal, Appellant raises a single question for our review:

> Did the PCRA [c]ourt abuse its discretion where it dismissed Appellant's after-discovered evidence claim without a hearing?

Appellant's Brief, 6.

Appellant contends that he presented enough evidence to show a material issue of a fact warranting a hearing to establish a meritorious claim under ***Brady v. Maryland***, 373 U.S. 83 (1962), or for a new trial based on after-discovered evidence. ***See*** Appellant's Brief, 11-24. He also argues that the PCRA court "improperly denied" a hearing on his substantive claims and erroneously dismissed his petition without a hearing where the claims were not patently frivolous. Appellant's Brief, 24-25; ***see*** Pa.R.Crim.P. 907, 908 (A)(2). He specifies that:

> In light of the discovery of Eric Johnson's medical records, Eric Johnson's prior inconsistent statement, the Devereux Supervisory Tool Reports and Night Monitoring Flow Charts, and the testimony of Devereux employees who did not give evidence at Appellant's criminal trial, Appellant should have had (1) counsel appointed to represent him during the litigation of this PCRA; and (2) an evidentiary hearing at which facts concerning the discovery and usefulness of the new evidence could have been developed.

Appellant's Brief, 25-26.

Appellant only tangentially addresses whether the PCRA court had jurisdiction to entertain either of his claims. In discussing his after-discovered evidence claim, Appellant avers the same allegations from the petition as to his discovery and obtaining of the documents from the attorneys representing Devereux in the civil action brought by Mr. Johnson: he learned of the evidence "in 2016 or 2017" and obtained copies "in April of 2023." Appellant's Brief, 21-22. He "avers that he could not have been more diligent in his attempts to bring this evidence to light sooner," because he made "multiple

attempts" to acquire the documents from the law firm, but they only agreed to turn it over once "the civil case was finished." *Id.*, 23.

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

"Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020) (brackets in original) (*quoting Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted)).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). Additionally, for a second or subsequent PCRA petition, the petitioner must make "a strong *prima facie* showing that a miscarriage of justice may have occurred." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008). ***See also Commonwealth v. Lawson***, 549 A.2d 107, 112 (Pa. 1988).

Our review of the record reflects that Appellant's judgment of sentence became final on October 27, 2015, when the time to seek review in the Supreme Court of the United States expired.[2] Appellant had a year from that date to file a timely PCRA petition. Thus, the instant PCRA petition, filed on August 2, 2023, was facially untimely.

"[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation and footnote omitted). Moreover, Appellant had to plead and prove that he filed his petition within one year of the date any claims for application of the

---

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final . . . at the expiration of time for seeking [direct] review"); U.S. Sup. Ct. R. 13(1) (permitting 90 days to petition for certiorari in the United States Supreme Court).

statutory time-bar exceptions "could have been presented." 42 Pa.C.S. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008).

In his petition, Appellant failed to directly address the timeliness of his petition or any of the statutory exceptions to the time bar. On that basis alone, we may affirm the dismissal of his petition. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) ("As the PCRA petition before this Court fails to set forth any of the enumerated exceptions to the time bar requirement, we lack jurisdiction to review any of the claims Burton raises for the first time on appeal"). Nevertheless, we are aware that Appellant alleged factual circumstances that might set out the exception for newly-discovered facts under 42 Pa.C.S. § 9545(b)(1)(ii) and that he generally alleged a ***Brady*** claim, which in some circumstances could set out the exception for governmental interference under ***id***. at § 9545(b)(1). We will review his allegations in light of each exception.

Under the newly-discovered facts exception to the PCRA time bar, a PCRA court would have jurisdiction to entertain a claim in an otherwise untimely petition where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(ii); ***see Commonwealth v. Howard***, 285 A.3d 652, 659–660 (Pa. Super. 2022) (newly-discovered fact exception "requires a petitioner to demonstrate he did not know the facts upon which he

based his petition and could not have learned those facts earlier by the exercise of due diligence"). This exception "does not require any merits analysis of the underlying claim," nor does it "necessitate proof of the elements of a claim of after-discovered evidence." ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (citation omitted). "For purposes of the newly-discovered facts exception, a determination that the facts were unknown to the petitioner is circumstance-dependent and requires an analysis of the petitioner's knowledge." ***Commonwealth v. Branthafer***, 315 A.3d 113, 128 (Pa. Super. 2024), ***appeal denied***, 333 A.3d 1266 (Pa. 2025).

In his petition, however, Appellant unequivocally admitted that he first learned of the facts underlying all of the newly-discovered evidence no later than "2016 or 2017." Appellant's PCRA Petition, 8/2/2023, 13. Moreover, the instant petition, was based on the same facts raised in the supplemental petition to his first PCRA petition, which was denied as meritless in 2018. Appellant's admission to knowing the facts in "2016 or 2017" defeated any claim to jurisdiction under the newly-discovered facts exception to the time bar, because that exception does not encompass a previously known fact. ***See Branthafer***, 315 A.3d at 130 (holding that subsequent testimony establishing petitioner's location at the time of the criminal incident is not a newly-discovered fact because his "own whereabouts on the evening of the incident were always known to him"). Appellant admitted that the instant petition was filed because he had finally obtained in April 2023, the documents establishing the same facts he alleged in 2018, from the law firm in possession of those

documents. But the documents are only a new source for previously known facts, known since "2016 or 2017," and therefore do not establish the requirements for the exception. **See Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021) (stating that "the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts'"); **Commonwealth v. Myers**, 303 A.3d 118, 121 (Pa. Super. 2023) (same).

To avail himself of the governmental interference exception, a petitioner must show that: "(1) the failure to previously raise the claim was the result of interference by government officials[;] and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." **Commonwealth v. Kennedy**, 266 A.3d 1128, 1135 (Pa. Super. 2021). Where government officials interfere with the petitioner's ability to bring a due process claim by suppressing evidence, the governmental interference exception is implicated. **See Commonwealth v. Reid**, 235 A.3d 1124, 1149 (Pa. 2020).

Here, Appellant did not allege any facts to establish that government officials interfered with his ability to bring the claim in a timely fashion. The only allegation was that a law firm would not turn over the documents it had until the civil case was fully over, which did not occur until April 2023. **See** Appellant's PCRA Petition, 8/2/2023, 13-14. A private law firm is not a government official. Moreover, neither the law firm nor any government official interfered with Appellant's ability to raise a claim based on the newly

provided documents, because Appellant did, in fact, timely raise such claims in 2018 in the supplement to his timely-filed first PCRA petition. Appellant's allegations, therefore, could not establish the governmental interference exception. "Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006).

In addition, both the governmental interference and newly-discovered fact exceptions require Appellant to demonstrate due diligence; a petitioner must take reasonable steps to protect his interests and uncover facts that may support a claim for collateral relief. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. 2015); *Commonwealth v. Smith*, 194 A.3d 126, 134 (Pa. Super. 2018). He "must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). "This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). Appellant knew the facts on which the instant petition was based no later than 2018, when he first raised claims based on the alleged facts. His failure to raise the claims in a timely fashion was not due to not knowing the facts contained within the proffered documents, but to his alleged inability to obtain them. That the law firm allegedly would not turn over the documents it had in

its possession, does not end the due diligence inquiry. Appellant could have, and under the due diligence standard, should have, made some effort to acquire the same documents from the sources that provided them to the law firm. He made no such demonstration or alleged any claim of having done so.

We conclude that Appellant failed to demonstrate that any exception to the time bar applied to permit review of the substantive claims in his facially untimely, serial petition. Accordingly, we affirm the PCRA court's dismissal of Appellant's time-barred petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025